### In re Complaint of JANE DOE.

[Cite as *In re Complaint of Jane Doe* (1992), 83 Ohio App.3d 904.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1726.

Decided Dec. 18, 1992.

*Sarah H. Beauchamp,* for appellant.

*Sean O. Boyle,* guardian *ad litem.*

*Per Curiam.*

On December 15, 1992, Jane Doe filed an action in the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch. Doe sought and seeks permission to terminate her pregnancy without parental notification. Both a guardian *ad litem* and an attorney were appointed to represent Doe's interests.

A hearing was conducted at which the following facts were developed. Doe is seventeen and one-half years old. She maintains a "B" grade average in school. She has made plans for her future development by enlisting in the military. She hopes through her military service to develop funds and benefits such that she can attend college. She has received counseling about the options other than termination of the pregnancy and has been advised of the risks attendant to having the pregnancy terminated.

Doe's mother became pregnant in her early teens and has taught her children about the special problems which confront a young woman of modest economic means who becomes pregnant at an early age. Doe's mother has clearly informed Doe that if Doe becomes pregnant, Doe will be ordered out of the house without financial and emotional support. Doe's mother has already proven her ability to make such a threat good.

Despite the proof of these facts, the trial court refused Doe the permission she sought and refused to elaborate on his findings.

Counsel for Doe and her guardian *ad litem* have both appealed. Her guardian *ad litem* has assigned a single error for review:

"The trial court abused its discretion in rendering a decision that was not supported by any of the evidence presented to the court."

Her counsel has assigned two errors:

"I. The trial court erred in failing to provide appellant with findings of fact and conclusions of law addressing the case before it.

"II. The trial court abused its discretion in failing to grant appellant's complaint for an order authorizing her as provided by R.C. 2151.85(C) to consent to an abortion without the notification of her parent, guardian, or custodian."

For Doe to have the pregnancy terminated without parental notification, she must demonstrate, pursuant to R.C. 2151.85(A)(4), either or both of the following:

"(a) That the complainant is sufficiently mature and well enough informed to intelligently decide whether to have an abortion without the notification of her parents * * *;

"(b) That * * * notification of her parents * * * is not in her best interest."

Doe clearly demonstrated both before the trial judge. The failure of the trial judge to find the existence of at least one of the prerequisites was an abuse of discretion. Therefore, the guardian *ad litem*'s assignment of error and counsel's second assignment of error are sustained.

In light of our ruling as to the abuse of discretion, we need not address counsel's first assignment of error.

The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is reversed, and judgment is entered for Doe without necessity of a remand to the trial court.

*Judgment reversed.*

BOWMAN, TYACK and REILLY, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, sitting by assignment.