## In re JANE DOE.

[Cite as *In re Jane Doe* (1999), 135 Ohio App.3d 719.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 99 CA 2684.

Decided Dec. 17, 1999.

*Roxanne Hoover*, for appellant.

KLINE, Judge.

This is an appeal from a proceeding in the Scioto County Common Pleas Court, Juvenile Division, whereby Jane Doe, appellant herein, requested authorization to terminate her pregnancy without parental notification.

On December 1, 1999, Jane Doe filed her complaint for an order authorizing consent to an abortion without notification of a parent, guardian, or custodian. On December 7, 1999, verification was filed in the trial court that no hearing was held. See Sup.R. 23(I). The verification provides that the trial court did not

hold a hearing to consider the complaint within five days of the date appellant filed her complaint.

In her appellate brief, appellant writes:

"Appellant is requesting an order from this Court confirming that, per the statute, she has a constructive order which permit[s] the health care facility to perform the procedure."

We note that R.C. 2151.85(B)(1) provides:

"If the hearing required by this division is *not held* by the fifth business day after the complaint is filed, the *failure to hold* the hearing shall be *considered* to be a *constructive order of the court authorizing the complainant to consent* to the performance or *inducement* of an abortion *without* the *notification* of her parent, guardian, or custodian, and the complainant and any other person may *rely on the constructive order* to the same extent as if the court actually had issued an order under this section authorizing the complainant to consent to the performance or inducement of an abortion without such notification." (Emphasis added.)

Thus, pursuant to the statute's clear language, appellant and any other person may rely on the constructive order to the same extent as if the court had actually issued an order permitting the parental notification bypass procedure.

*Judgment accordingly.*

HARSHA and PETER B. ABELE, JJ., concur.