### In re JANE DOE 01–01, Appellant.

[Cite as *In re Jane Doe 01–01* (2001), 141 Ohio App.3d 20.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 79081.

Decided Jan. 17, 2001.

*Richard A.F. Mendelsohn,* for appellant.

## Per Curiam.

On January 3, 2001, appellant Jane Doe 01–01 filed a complaint under R.C. 2151.85 and Sup.R. 23 requesting that the Juvenile Division of the Court of Common Pleas of Cuyahoga County issue an order authorizing her to consent to an abortion without the notification of her parent, guardian, or custodian. In her complaint, appellant asserted the following grounds for relief: that she was sufficiently mature and well enough informed to intelligently decide whether to have an abortion without the notification of her parent, guardian, or custodian;

and that notification of her parent, guardian, or custodian of her desire to have an abortion was not in her best interest. See R.C. 2151.85(A)(4).

Juvenile court held a hearing on January 8, 2001. The trial court found that the testimony did not provide clear and convincing evidence substantiating the grounds asserted by appellant and, on the same day, announced its decision to dismiss appellant's complaint. Appellant filed a notice of appeal on January 10, 2001. The trial court's journal entry dismissing the complaint was filed with the clerk and journalized on January 11, 2001. See App.R. 4(C).

On January 12, 2001, the clerk of this court placed the appeal on this court's docket, and a hearing was held on January 17, 2001. See R.C. 2505.073 and Sup.R. 25. We affirm the judgment of the juvenile court.

Appellant has submitted the following assignments of error:

"I. The trial court abused its discretion in failing to grant appellant's complaint for an order authorizing her to consent to an abortion without the notification of her parent, guardian or custodian as provided by R.C. 2151.85.

"II. The trial court erred in dismissing appellant's complaint where the judgment is against the manifest weight of the evidence presented and where the trial court disregarded the testimony of the court's independent evaluator.

"III. The trial court erred in dismissing the complaint in this case and used an inappropriate definition of 'sufficient maturity.' "

■ The standard of review of appeals from juvenile court orders dismissing a complaint filed under R.C. 2151.85 is well settled: "Absent an abuse of discretion by the juvenile court, the dismissal of a complaint brought by an unemancipated pregnant minor seeking authorization to have an abortion pursuant to R.C. 2151.85 shall not be disturbed." *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 566 N.E.2d 1181, syllabus.

Appellant testified that she is seventeen years old. She has made the honor roll on each of her last two report cards and is involved in several extracurricular activities. She also works approximately twenty hours per week. She has applied to college to study criminal justice and plans to become a criminal lawyer. A representative of the Juvenile Court Diagnostic Clinic (see *In re Jane Doe 97–2* [May 20, 1997], Cuyahoga App. No. 72545, unreported, at 3, fn. 2) interviewed applicant and testified that appellant "is able to present herself in a mature way, and I do believe that she has given much thought to her situation." Appellant argues, therefore, that the record substantiates her claim that she is "sufficiently mature and well enough informed" to be entitled to relief under R.C. 2151.85.

The trial court was not, however, convinced that appellant was sufficiently mature and well enough informed. The trial court "was left in doubt by

complainant's demeanor and testimony as to whether she truly understood [the abortion procedure and her options]." Journal Entry, January 11, 2001. Specifically, the trial court observed that appellant contacted an abortion provider within hours of taking a home pregnancy test. Additionally, the trial court expressed concern regarding appellant's credibility because she testified that she was "planning to get on birth control" despite indicating that she would not continue to be sexually active.

In *Doe 1, supra,* the appellant was seventeen years old, a senior in high school, active in sports, planning to attend college, and worked twenty to twenty-five hours per week. 57 Ohio St.3d at 144, 566 N.E.2d at 1189. The *Doe 1* court affirmed the judgment of the court of appeals affirming the judgment of the trial court that appellant did not prove the claims in her complaint by clear and convincing evidence:

"While the correctness of a juvenile court's dismissal of a complaint brought under R.C. 2151.85 must be scrutinized on a case-by-case basis, a reviewing court must evaluate the trial court's determination under an abuse of discretion standard. As this court has defined this standard, '[t]he term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * *' *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149. See, also, *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

"When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301, 1308.

"Above all, a reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge '* * * is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. * * *' *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410, 461 N.E.2d 1273, 1276." *Id.* at 137–138, 566 N.E.2d at 1184.

The trial court did indeed consider appellant's demeanor and weigh her credibility. The trial court concluded: "Complainant's decision to seek an abortion appears to result from panic rather than well-reasoned and careful decision-making. Even though complainant does well academically in school and has plans to attend college, she failed to convince this Court that she truly understood the full impact of having an abortion." Journal Entry, January 11, 2001. In light of the controlling standard of appellate review, we cannot conclude that the trial court abused its discretion by holding that appellant failed to

demonstrate by clear and convincing evidence that she was sufficiently mature and well enough informed to intelligently decide whether to have an abortion without notification of her parent.

Appellant also argues that the finding of the trial court is against the manifest weight of the evidence:

■ "We must next decide whether there was competent, credible evidence to support the trial court's judgment. In reviewing the trial court's judgment, it is well established that every reasonable presumption must be made in favor of the judgment and findings of fact. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273. Furthermore, judgments supported by competent, credible evidence going to the material elements of the case will not be disturbed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus." *Shemo v. Mayfield Hts.* (2000), 88 Ohio St.3d 7, 10, 722 N.E.2d 1018, 1022.

The record contains the evidence on which the trial court relied as the basis for finding that appellant was not sufficiently mature and well enough informed to intelligently decide whether to have an abortion without notification of her parent. For example, appellant testified that she "called the abortion clinic" when she learned that she was pregnant. Likewise, she testified that she would begin using birth control despite indicating that she would not continue to be sexually active. This testimony is certainly relevant and material to the trial court's determination whether appellant was sufficiently mature and well enough informed. We cannot, therefore, conclude that the judgment of the trial court is against the manifest weight of the evidence.

During oral argument, appellant acknowledged that she was not asserting on appeal that the trial court erred in finding that appellant failed to demonstrate by clear and convincing evidence that notification of her parent, guardian, or custodian of her desire to have an abortion was not in her best interest. Additionally, the representative of the Juvenile Court Diagnostic Clinic testified that, in her opinion, the facts of this case would not substantiate finding for appellant under the "best interest" standard. The trial court did not, therefore, abuse its discretion by finding that appellant failed to demonstrate by clear and convincing evidence that notification of her parent, guardian, or custodian of her desire to have an abortion was not in her best interest.

Under the circumstances, the trial court did not abuse its discretion by dismissing the complaint. All three assignments of error are overruled.

*Judgment affirmed.*

Rocco and Michael J. Corrigan, JJ., concur.

Timothy E. McMonagle, P.J., dissents.

Timothy E. McMonagle, Presiding Judge, dissenting.

Respectfully, I dissent. The combination of manifest procedural and other errors in this case clearly demonstrates that the juvenile court abused its discretion in failing to grant appellant's complaint for an order authorizing her to consent to an abortion without parental notification, as provided by R.C. 2151.85.

R.C. 2151.85(B)(1) provides:

"The court shall fix a time for a hearing on any complaint filed pursuant to division (A) of this section and shall keep a record of all testimony and other oral proceedings in the action. The court shall hear and determine the action and shall not refer any portion of it to a referee. *The hearing shall be held* at the earliest possible time, but *not later than the fifth business day after the day that the complaint is filed. The court shall enter judgment on the complaint immediately after the hearing is concluded.* If the hearing required by this division is not held by the fifth business day after the complaint is filed, *the failure to hold the hearing shall be considered to be a constructive order of the court authorizing the complainant to consent to the performance or inducement of an abortion without the notification* of her parent, guardian, or custodian, and the complainant and any other person may rely on the constructive order to the same extent as if the court actually had issued an order under this section authorizing the complainant to consent to the performance or inducement of an abortion without such notification." (Emphasis added.)

In this case, appellant filed her complaint on January 3, 2001. The juvenile court held a hearing on January 8, 2001. Although it announced its decision at the completion of the hearing, however, the juvenile court did not enter judgment until January 11, 2001, three days after the hearing.

This untimely rendering of judgment by the juvenile court was a direct violation of the mandatory provisions of R.C. 2151.85(B) requiring entry of judgment *immediately* after the hearing is concluded. However, although the statute provides for a constructive order if the juvenile court fails to conduct a timely hearing, it does not provide the same sanction for the court's failure to timely enter its judgment. See *In re Jane Doe* (1999), 135 Ohio App.3d 719, 735 N.E.2d 504. There are also no reported or unreported Ohio cases holding that the untimely entry of judgment is grounds for a constructive order, presumably because most, if not all, other juvenile courts in Ohio adhere strictly to the requirements of the statute. A juvenile court should not be able to violate the statute with impunity.

In addition to failing to timely render its judgment, the juvenile court failed to appoint a guardian *ad litem* for appellant, as required by R.C. 2151.85(B)(2), which provides:

"The court *shall* appoint a guardian *ad litem* to protect the interests of the complainant at the hearing that is held pursuant to this section. If the complainant has not retained an attorney, the court shall appoint an attorney to represent her. If the guardian *ad litem* is an attorney admitted to the practice of law in this state, the court also may appoint him to serve as the complainant's attorney." (Emphasis added.)

The requirement to appoint a guardian *ad litem* is mandatory. While the statute provides that the attorney representing the minor may also serve as guardian *ad litem*, the record before this court indicates that no such appointment was ever made.

Moreover, even had the attorney representing the minor been appointed to serve in that dual capacity, the attorney could only do so as long as there was no conflict between the two roles. See Juv.R. 4(C)(1); see, also, *In re Baby Girl Baxter* (1985), 17 Ohio St.3d 229, 232, 17 OBR 469, 470–471, 479 N.E.2d 257, 260:

"The duty of a lawyer to his client and the duty of a guardian *ad litem* to his ward are not always identical and, in fact, may conflict. The role of guardian *ad litem* is to investigate the ward's situation and then to ask the court to do what the guardian feels is in the ward's best interest. The role of the attorney is to zealously represent his client within the bounds of the law. DR 7–101; DR 7–102." *Id.;* see, also, *Bawidamann v. Bawidamann* (1989), 63 Ohio App.3d 691, 701–704, 580 N.E.2d 15, 21–23; *In re Freeland* (Aug. 9, 2000), Summit App. Nos. 19980, 19982 and 19983, unreported, 2000 WL 1140437.

It is true that a minor can argue that she is entitled to use the judicial bypass procedure because parental notification is not in her best interest. See R.C. 2151.85(A)(4)(b). Thus, it may appear that any error in failing to appoint a guardian *ad litem* is not prejudicial because the attorney acting as attorney, in actuality, also serves as guardian *ad litem* when the minor alleges and argues that parental notification is not in her best interest. In such a case it cannot be said that there exists a conflict between the two roles. R.C. 2151.85(A)(4) is written in the disjunctive, however, and, therefore, this is only true *if* the minor makes that allegation and then argues as such. Consequently, it is possible that an attorney representing the minor may zealously argue that the minor is sufficiently mature to avoid parental notification without alleging that parental notification is not in her best interest. In such a case, there is no one guiding the court as to the minor's best interests as would a guardian *ad litem*. Thus, a conflict exists when the attorney representing the minor is also appointed as guardian *ad litem* and the minor's case rests on her having sufficient maturity to

avoid parental notification. In such a case, failure to appoint a guardian *ad litem* other than the attorney representing the minor would be prejudicial error.

In this case, there was no appointment of a guardian *ad litem.* Moreover, even if this court were to construe that the attorney representing the minor acted in a dual capacity, the transcript of the hearing indicates that the focus of appellant's argument rested on her having sufficient maturity to avoid parental notification. The limited inquiry into the effect that parental notification would have on her relationship with her mother is insufficient to justify a conclusion that the attorney also acted as her guardian *ad litem.* Consequently, I would find that the failure of the trial court to appoint a guardian *ad litem* was prejudicial error requiring reversal.

In addition to the patent procedural errors, it is apparent after reviewing the record that the juvenile court abused its discretion in finding that appellant failed to sustain her burden of proving, by clear and convincing evidence, the allegations set forth in her application. In its journal entry, the court indicated that it based its decision on appellant's "testimony and demeanor," from which it concluded that appellant "was not mature and well enough informed to intelligently assess her options." The court characterized appellant's decision to seek an abortion as "appear[ing] to result from panic rather than well-reasoned and careful decision-making." The court indicated further that "even though appellant does well academically in school and plans to attend college," and, further, had "verbalized at the hearing her understanding of the abortion procedure and her options," the court was "left in doubt" by appellant's "demeanor and testimony as to whether she truly understood."

Strikingly absent from the court's entry regarding its decision, however, is any reference whatsoever to the testimony of Linda Zielinski, the court-appointed expert who conducted a court-ordered psychological evaluation of appellant.[1] Zielinski testified:

"[M]y impression is that this is a very difficult situation for her and she has high standards and has goals for herself, as she has stated. She has done well in school. I think it is important for her to have her mother's support and not let her mother down. That builds a difficult situation. I would like to point out that she is 17, that she is a senior, that she has made plans for college and has applied to several schools. Her grades are above average, as she has mentioned. She has worked, handles money, has never been in any difficulty in the school or the community. I feel that ordinarily she is not reckless or a person that does not consider consequences for behavior. I, you know, would venture to say that

---

1. We know who Zielinski is only from the majority opinion. The trial court failed to ask any questions whatsoever of Zielinski to establish her qualifications.

although this is regrettable, that she is 17 should weigh into the situation. That she is a senior in school I think is also a factor. As she stated, her boyfriend is 19. *There, from my viewpoint, she did seem to understand the procedure and the risks involved. She is able to present herself in a mature way, and I do believe that she has given much thought to her situation. So I, I would, from my perspective, I would see this being true.*" (Emphasis added.)

Incredibly, however, the trial court makes absolutely no reference to this expert testimony in its judgment entry. Clearly, the trial court's failure to give any consideration whatsoever to Zielinski's testimony was an abuse of discretion—especially in light of the fact that no other opinion testimony regarding appellant's maturity was presented to the trial court. Indeed, at the hearing, the trial court did not question Zielinski at all concerning her expert opinion. In affirming the lower court, the majority simply ignores the juvenile court's blatant disregard for the opinions of its own expert.

Moreover, this case is remarkably similar to numerous other cases in which appellate courts have found that the trial court abused its discretion in finding that the complainant was not mature, well informed, and capable of making a decision regarding an abortion without parental notification. In *In re Jane Doe 93–1* (Nov. 1, 1993), Cuyahoga App. No. 66355, unreported, for example, the evidence indicated that the complainant was seventeen years and nine months old on the date of the hearing and a high school senior who received average grades. She babysat for a young child twelve hours per week during the school year and full-time during the summer. She wanted to attend college, but felt that she could not do so and could not support herself if she had a baby. In addition, the complainant had been in a fight with another student. The complainant had a good relationship with her mother but believed that telling her mother about her pregnancy would cause tension in their relationship and aggravate her mother's health problems. The complainant had received counseling from the Pregnancy Crisis Center and was able to describe abortion procedures and possible risks. A psychiatrist at the juvenile court clinic testified that the complainant was mature and well enough informed to intelligently decide to have an abortion without notifying her parents.

On these facts, this court held that "there is considerable evidence that appellant is mature, well informed, and capable of good decision-making." Accordingly, we found "no rational basis for a finding that appellant lacked maturity" and held that the trial court had abused its discretion in dismissing the complainant's complaint.

Similarly, in *In re Complaint of Jane Doe* (1993), 83 Ohio App.3d 98, 613 N.E.2d 1112, the Tenth Appellate District Court reversed the trial court's

decision dismissing the complainant's complaint filed pursuant to R.C. 2151.85. The court stated:

"Appellant testified as follows: appellant would turn eighteen years of age on August 28, 1993; appellant is a senior in high school, taking college preparatory classes, and has maintained a 3.6 grade point average; appellant is also involved in several extracurricular activities; appellant is employed and works approximately thirteen hours each week; the money appellant earns from her employment is given to her mother in order to help pay for appellant's college education; appellant will be starting college in the fall; appellant has a steady boyfriend and, ordinarily, appellant's boyfriend used condoms as a form of birth control; although appellant's boyfriend ordinarily used condoms, on this one occasion he did not and she became pregnant; appellant has spoken with her boyfriend concerning the pregnancy and he supports her decision to have an abortion; neither appellant nor her boyfriend is financially or emotionally prepared to take care of a child at this time; appellant has a good relationship with her mother, but fears that her mother would lose all trust in her if appellant informed her of this pregnancy; appellant would need to put her college education on hold if she was to have the baby and she believes that her mother would also put her career on hold in order to help appellant raise the child; appellant has an aunt with whom she could confide concerning her decision to have this abortion and the difficulty that she may have following the abortion; and appellant indicated that she was well informed of the risks inherent not only in having an abortion but, also, inherent in carrying this baby full term." *Id.*, 83 Ohio App.3d at 101, 613 N.E.2d at 1114–1115.

On this evidence, the appellate court concluded that it was an abuse of discretion for the trial court not to find clear and convincing evidence that the complainant was sufficiently mature and well enough informed to intelligently decide whether to have an abortion without the notification of her parents.

Similarly, in *In re Complaint of Jane Doe* (1992), 83 Ohio App.3d 904, 615 N.E.2d 1142, the Tenth Appellate District Court held that on the following evidence, the complaint "clearly demonstrated" to the trial judge that the complainant was sufficiently mature and well enough informed to decide whether to have an abortion without the notification of her parents:

"Doe is seventeen and one-half years old. She maintains a 'B' grade average in school. She has made plans for her future development by enlisting in the military. She hopes through her military service to develop funds and benefits such that she can attend college. She has received counseling about the options other than termination of the pregnancy and has been advised of the risks attendant to having the pregnancy terminated." *Id.* at 905, 615 N.E.2d at 1143.

The Fourth Appellate District Court reached the same conclusion in *In re Complaint of Jane Doe* (1999), 134 Ohio App.3d 569, 731 N.E.2d 751, on similar evidence. In that case, the court noted that the evidence adduced at the hearing revealed the following:

"[A]ppellant is approximately seventeen and one-half years old and she resides with her parents. Appellant is a senior in high school, she is an A and B student, and she is also involved in some school extracurricular activities. At one time, appellant held part-time employment. Although appellant is not currently employed, she is now seeking new part-time employment.

"This pregnancy is appellant's first pregnancy. She did not intend to become pregnant. She testified that she had regularly used birth control devices. Appellant further testified that she is aware of her options, and that she has acquired information concerning the medical procedure and the associated risks.

"Appellant stated that neither she nor her boyfriend is financially capable of supporting a child. Appellant further stated that she hopes to attend college and to eventually leave the area. Appellant testified that at some point in the future, she wanted to have a family of her own.

"The biological father, appellant's boyfriend, is a twenty-year-old college student. Appellant's boyfriend agrees with her decision to have an abortion. Appellant is still involved with her boyfriend.

"Appellant stated that she does not believe that her parents will become violent or abusive if they learn about her situation. She fears, however, that this information could destroy her already tenuous relationship with her parents. Appellant acknowledges that she has been working to establish a better relationship with her parents." *Id.*, 134 Ohio App.3d at 570–571, 731 N.E.2d at 752–753.

On this evidence, the Fourth Appellate District held that the complainant was sufficiently mature and well informed to make the decision regarding an abortion without parental notification. Accordingly, the appellate court held that the trial court had abused it discretion by finding otherwise.

These cases are all strikingly similar to the case at bar. The evidence presented at the hearing revealed that appellant is seventeen and four months old. She is a senior in high school, receives "A's" or "B's" and participates in numerous extra-curricular activities. She has been employed part-time in a position where she handles money and maintains a bank account from which she is responsible for her personal needs and savings. Appellant has applied to several colleges and wishes to study criminal justice and become a criminal attorney. She will be the first of anyone in her extended family to attend college. Appellant's boyfriend, whom she has been with for over one year, is nineteen years old, works as a welder, and attends Cleveland State University. Appellant

and her boyfriend had only recently begun having sexual relations and used condoms, except for one occasion. Appellant's boyfriend has indicated that he will support appellant in whatever decision she makes regarding an abortion. After filing her application, appellant met with a counselor at the Free Clinic and was evaluated by a court-appointed psychological expert, who testified at the hearing that appellant was mature, had the ability to make reasoned decisions, and understood the options, risks, and procedure of abortion.

I find no difference between this case and the above-cited cases. Indeed, as the Tenth Appellate District Court stated in *In re Complaint of Jane Doe*, 83 Ohio App.3d at 101, 613 N.E.2d at 1115, "after reviewing the transcript in this case, [I] cannot perceive what other evidence appellant could have presented before the trial court to establish her 'maturity.' " On this evidence, which was undisputed, it was an abuse of discretion for the trial court to find that appellant had not demonstrated that she had proven by clear and convincing evidence that she was sufficiently mature to decide whether to have an abortion without parental notification.

The majority cites *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 566 N.E.2d 1181, in which the Ohio Supreme Court affirmed the judgment of the court of appeals affirming the judgment of the trial court that the complainant did not prove by clear and convincing evidence that she was sufficiently mature to decide whether to have an abortion without parental notification. The majority implies that the facts of that case are similar to those in this case because the complainant in *Doe 1* was also seventeen years old, a senior in high school, active in sports, planning to attend college, and worked twenty to twenty-five hours per week. The majority fails to mention, however, that in *Doe 1*, the Supreme Court found that the trial court did not abuse its discretion in finding that the petitioner lacked maturity because this was the petitioner's second abortion in less than a year and the petitioner had discontinued her program of birth control. Thus, there was a reasonable, nonarbitrary basis for the juvenile court's determination. No such distinguishing facts are present in this case.

The majority also contends that we should give deference to the juvenile court's finding that "complainant's demeanor" was indicative of her lack of maturity. This assertion is specious. The juvenile court's "finding" is nothing more than a bald assertion with no basis in any fact. The juvenile court does not base its conclusion regarding appellant's alleged immature demeanor upon any evidence in the record or even bother to explain in its entry what it specifically observed regarding appellant's alleged demeanor. There are no references to such factors as gestures, facial expression, voice inflection, or even body language to support the court's conclusion.

Moreover, the trial court's "finding" that appellant was not sufficiently mature because she "called the abortion clinic" when she learned that she was pregnant is similarly without merit. Rather than evincing a lack of maturity, appellant's timely response to her unplanned pregnancy demonstrates a significant level of maturity. Indeed, in *In re Complaint of Jane Doe* (July 16, 1998), Franklin App. No. 98AP–852, unreported, 1998 WL 400769, the Tenth Appellate District affirmed the trial court's judgment dismissing the petitioner's application because the petitioner waited until she was well advanced in her pregnancy to seek to terminate her pregnancy pursuant to R.C. 2151.85. The appellate court found that the petitioner's delay was indicative of a lack of maturity.

The juvenile court's finding that appellant's credibility was doubtful because she testified that she would begin using birth control despite testifying that she would not continue to be sexually active is also suspect. At worst, this statement may seem somewhat incongruous but, in fact, appellant's statement displays her significant maturity by recognizing the realities of her burgeoning sexuality. It appears that in deciding otherwise, the juvenile court was infusing its own perception of morality into its decision regarding appellant's maturity.

Finally, although not the thrust of appellant's argument, and to the limited extent considered by the trial court, it is apparent from the record that the trial court did not understand and properly apply the "best interest" standard. Rather than finding that notifying appellant's parents would *not* be in appellant's best interest, the trial court found that "there was clear and convincing evidence that parental notification would be in complainant's best interest." The trial court noted that appellant's mother had become pregnant with appellant when she was fifteen years old, and even though she had been encouraged to have an abortion, did not do so. The trial court noted further that appellant's mother had never expressed regret at her decision to keep her child. In light of these factors, the trial court found that "it is clearly within complainant's best interest" to consult with her mother regarding her decision.

That is not the standard, however. Rather, the standard clearly is that "notification of [a complainant's] parents, guardian, or custodian otherwise is not in her best interest." Accordingly, the trial court erred in applying an incorrect standard.

The trial court's decision in this case, made in the face of procedural errors, total disregard for the court's own expert, misinterpretation of the facts in the record, and the application of an incorrect standard of law was unreasonable, arbitrary, unconscionable, and without any rational basis. Accordingly, I would reverse the decision of the juvenile court and grant appellant's petition without remand to the juvenile court.