JOURNAL ENTRY AND OPINION
Appellant, Lloyd Calloway, appeals the decision of the Cuyahoga County Common Pleas Court, Juvenile Division, adjudging him to be a delinquent child and ultimately committing him to the custody of the Ohio Department of Youth Services. For the reasons that follow, we vacate appellant's adjudication of delinquency and subsequent disposition and remand.
A review of the record reveals that, on March 23, 2000, a two-count complaint was filed against appellant alleging that appellant was a delinquent child by reason of having committed the offenses of (1) burglary, in violation of R.C. 2911.12(A)(4); and (2) theft, in violation of R.C. 2913.02(A)(1). Both offenses are classified as fourth degree felonies.
At the hearing held on May 5, 2000, this case (Case No. 00103177), as well as two other cases pending against appellant (Case Nos. 9811397 and 00103811), were before the trial court. The instant case was set for adjudication, while the remaining cases were set for pretrial and arraignment, respectively. Present at this hearing, inter alia, was appellant's counsel, Patrick Hyland, Esq., and his guardian ad litem (GAL), Cheryl Alikhan, Esq. In an entry journalized June 12, 2000, appellant was adjudicated delinquent after entering admissions to the charges of burglary and theft.
A dispositional hearing was held on June 6, 2000. Different options for placement were discussed, a referral for placement planning was made and the matter was continued until June 20, 2000. At the June 20th hearing, it was determined that it would not be appellant's best interest to return home and, instead, he was placed at Glen Mills School in Harmony, Pennsylvania. There he stayed until sometime around October 2000 when he became self-injurious. A review hearing was requested and at a hearing held on December 7, 2000, the trial court reappointed Attorney Alikhan as appellant's GAL and appointed the public defender as appellant's counsel. Appellant was again referred for placement planning and the matter was continued until January 9, 2001.
At that hearing, appellant appeared as did his GAL but there was no counsel on appellant's behalf present. Several residential placement options were discussed and either appellant did not meet their criteria or was not accepted for admission. The trial court eventually committed appellant to the Ohio Department of Youth Services (ODYS) for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed appellant's twenty-first birthday.
Appellant is now before this court and assigns six errors for our review.
 I.
As a threshold issue, the state argues that appellant's appeal is not timely as to assignments of error one, two, four, six and seven. These assignments of error pertain to the rulings made in June 2000 and, according to the state, appellant's appeal filed in February 2001 is untimely. We disagree.
The Supreme Court of Ohio recently had the opportunity to address the issue of timeliness of an appeal from an order of the juvenile court in In re Anderson (2001), 92 Ohio St.3d 63. After a lengthy discussion of the history of the juvenile court and the emphasis on rehabilitation rather than punishment, the Anderson court concluded that juvenile court proceedings are civil actions and therefore both the civil and appellate rules pertaining to the filing of a notice of appeal are applicable.
App.R. 4(A) governs the time for appeal and provides, in relevant part:
 A party shall file the notice of appeal * * * within thirty days of the later of entry of judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.
Civ.R. 58(B) requires the court to endorse on its judgment a direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal. Upon entering judgment on the journal, the clerk then has three days to serve all parties. Quoting Whitehall ex rel. Fennessy v. Bambi Motel, Inc. (1998), 131 Ohio App.3d 734, 741, the Anderson court stated:
 The thirty-day time limit for filing the notice of appeal does not begin to run until the later of (1) entry of judgment or order appealed if the notice mandated by Civ.R. 58(B) is served within three days of the entry of judgment; or (2) service of the notice of judgment and its date of entry if service is not made on the party within the three-day period in Civ.R. 58(B).
A review of the record in this case supports that the trial court made no such endorsements as required by Civ.R. 58(B). Nor can it be otherwise ascertained that the parties ever received notice of any of the juvenile court's judgments. Consequently, the thirty-day time period has not yet run and appellant's notice of appeal filed on February 15, 2001 is not untimely.
 II.
In his first assignment of error, appellant contends that his admission was not in compliance with Juv.R. 29. Specifically, he argues that the trial court never explained the consequences of his admission to the charge of burglary. In his second assignment of error, appellant contends that he did not admit to the charge of theft and therefore his adjudication of delinquency based on that charge must be vacated. While appellant would have us believe otherwise, both assignments of error essentially challenge the finding of delinquency on the basis of his purported admissions to these two charges. As such, they will be discussed together.
Juv.R. 29(D) provides the procedure for a juvenile offender's entry of an admission and provides, in relevant part:
 The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission.
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
When accepting an admission from a juvenile, the court is required to personally address the juvenile and conduct an on-the-record discussion to determine whether the admission is being made voluntarily and with an understanding of the nature of the allegations and the possible consequences of the admission. Juv.R. 29(D)(1). The juvenile court is likewise obligated to apprise the juvenile of the rights being waived when an admission is entered, such as the right to challenge the witnesses and evidence against him or her, to remain silent, and to introduce evidence at the adjudicatory hearing. Juv.R. 29(D)(2). While a rote recitation of the language contained in Juv.R. 29(D) is not necessary, the trial court must determine that the juvenile understood the allegations contained in the complaint and the consequences of the admission. In re Clark (2001), 141 Ohio App.3d 55, 59-60. The analysis employed in determining whether a party's admission complies with Juv.R. 29 is similar to that used in determining whether a criminal defendant's guilty plea complies with Crim.R. 11, namely, whether appellant adequately understood his rights and the effect of his admission. In re West (1998), 128 Ohio App.3d 356, 359.
A review of the transcript reveals that the court and counsel discussed some preliminary matters concerning case numbers 9811397 and 00103811 before addressing the case before this court. Appellant's counsel then continued:
MR. HYLAND: As to case ending 3177, Your Honor.
THE COURT: All right.
 MR. HYLAND: We'd ask that the Court allow an amendment on count one, with burglary, a felony of the fourth degree, under code section 2911 and 2384. And I believe we will admit to that. And as to count two —
THE COURT: So make it a felony three, four?
MR. HYLAND: To a felony four.
THE COURT: All right.
 MR. HYLAND: And that we will admit to count two as charged, theft of motor vehicle, a felony of the fourth degree.
The court then went on to discuss some clerical matters as to appellant's intention to admit to the charges in case number 00103811. Continuing, appellant's counsel stated:
 MR. HYLAND: * * * I've had an opportunity to pre-trial (sic) all these matters with Mr. Regas, and this time I and I have discussed the matter with my client, and certainly with the social workers. And his mom knows what's going on, too. At this time he wishes to withdraw his previously entered denial in these cases and admit to the charges as amended.
 THE COURT: All right. Lloyd, I want to be sure you understand that, if you admit to these charges, you'll be giving up certain of the constitutional rights that I explained to you earlier.[1] You'll be giving up trial on these charges. Do you understand?
APPELLANT: Yes, Your Honor.
THE COURT: You're willing to give up that right?
APPELLANT: Yes, Your Honor.
 THE COURT: All right, you're also giving up the right to require that the state prove the charges against you by evidence beyond a reasonable doubt, as well as the rights to meet your accuser face to face, cross-examine witnesses, and to subpoena witnesses. Are you willing to give those rights up as well?
APPELLANT: Yes, Your Honor.
 THE COURT: You're also giving up another very important right, and that's the right to remain silent. By admitting to the charges, you are, in essence, testifying and saying, this is what I did. Do you understand that?
APPELLANT: Yes, Your Honor.
 THE COURT: You (sic) willing to give those that right up as well?
APPELLANT: Yes, Your Honor.
The court then inquired as to the possibility that appellant had been threatened or promised anything in exchange for his admission as well as if he was currently on any medication. Satisfied with appellant's responses, the court continued:
 THE COURT: Do you understand that if you admit to the charges, I will find you to be delinquent?
APPELLANT: Yes, Your Honor.
 THE COURT: Do you understand that I can place you in a youth facility
APPELLANT: Yes.
 THE COURT: for six months on the escape?[2] Do you understand that?
APPELLANT: Yes, Your Honor?
THE COURT: And keep you until you're twenty-one (21)?
APPELLANT: Yes, Your Honor.
The court then inquired of the state as to the factual basis for the charges whereupon the prosecutor outlined the details behind the charges not only for the burglary and theft offenses but for the escape offense as well. The court then addressed appellant personally and inquired as to his intentions.
 THE COURT: Lloyd, as to case number * * * 00103177, that's the charge of burglary, a felony of the fourth degree. Do you admit or deny that?
APPELLANT: I admit it.
 THE COURT: As to case number 00103811, a charge of escape, a felony of the third degree, do you admit or deny that?
APPELLANT: I admit, Your Honor.
 THE COURT: The court accepts the admissions made by Lloyd in both of these cases, finds those admissions to be knowingly, voluntarily and intelligently made. And based upon those admissions, I hereby adjudge Lloyd Calloway to be delinquent. * * *
It is apparent from a complete reading of the transcript that the trial court's colloquy with counsel involved not only a discussion regarding the burglary offense but the theft offense as well. Nonetheless, it is equally clear that the court neglected to address appellant personally and inquire as to his intention to admit or deny the charge of theft. It is true that appellant's attorney advised the court that appellant would be entering an admission to both offenses. Yet any intention to admit to an offense communicated through a juvenile offender's attorney does not satisfy Juv.R. 29(D). In re Beechler (1996), 115 Ohio App.3d 567, 571. Therefore, the court's references to appellant's admission to this charge are unsupported by the record and, as such, his subsequent adjudication and disposition as pertains to the charge of theft is unwarranted and must be vacated.
Moreover, while the trial court's explanation of the rights appellant would be waiving complies with Juv.R. 29(D)(2), nowhere in the record does it appear that the court addressed appellant personally and determined whether he understood the consequences of admitting to the charges of burglary, namely, whether he understood the penalties involved for this offense. As can be surmised from the excerpt above, it is true that the court explained the consequences of admitting to the escape offense. The court did not explain the possible penalty associated with the burglary offense, however. Appellant's subsequent admission to that offense, therefore, did not comply with Juv.R. 29(D)(1) and his adjudication and disposition for this offense must be vacated.
Accordingly, appellant's first and second assignments of error are well taken and are sustained.
 III.
Appellant's remaining assignments of error all challenge the trial court's decision committing him to ODYS made during the dispositional review hearing conducted on January 9, 2001. While these assignments of error are moot due to our disposition of appellant's first two assignments of error, we feel compelled in the interests of justice to address some of the issues raised by the parties.
 A.
Most important of these issues is the fact that appellant was without counsel for the January 9th dispositional/review hearing. It is well established that juvenile offenders are entitled to counsel at all stages of the proceedings. In re Gault (1967), 387 U.S. 1, paragraph three of the syllabus. Like other constitutional rights, however, this right can be waived. Id. at 42.
In its entry journalized December 19, 2000, the court specifically appointed counsel for appellant yet the record does not reflect that counsel was present during this hearing, nor does it appear that appellant waived the right to counsel's presence. The state appears to concede that appellant was without legal representation but asserted that appellant's interests were protected by the presence of appellant's GAL. Nonetheless, the role of counsel and GAL are distinctly different and the presence of one does not necessarily obviate the need or requirement for the other. See In re Baby Girl Baxter (1985), 17 Ohio St.3d 229, 232; see, also, In re Jane Doe (2001), 141 Ohio App.3d 20, 26 (McMonagle, J. dissenting).
Moreover, the trial judge in this case expressed much concern as to the most appropriate placement for appellant. Hearings were continued and promptly rescheduled at the request of the trial judge while placement issues were researched. Certainly the trial court was concerned with making an appropriate, and hopefully successful, placement. This is evidenced by the court's references to committing appellant to ODYS as a last resort. It should come as no surprise, then, that appellant's eventual placement there, without the benefit of counsel's advice, gives this court pause. On remand, the record must support that appellant had the benefit of counsel or that he validly waived this right.
 B.
Appellant asserts several arguments that challenge the court's ultimate commitment of appellant to ODYS. For the most part, it appears that he is arguing that the original decision to place him at Glen Mills was a form of probation and therefore any subsequent change in placement that resulted because of his conduct at that facility was a condition that was not adequately explained to appellant or resulted in his being placed twice in jeopardy.
R.C. 2151.355 provides several options from which a juvenile court can choose when making a disposition of a child adjudged to be delinquent. While the statute authorizes probation and commitment to ODYS as available options in appellant's case, placement at Glen Mills, the court's initial disposition, is likewise authorized. See R.C.2151.355(A)(3). This latter option, however, is temporary and remained modifiable by the court. See R.C. 2151.38(A).[3]
To suggest as does appellant that the court's initial disposition was for probation is disingenuous at the very least. Had appellant's admission to the charges in this case been in compliance with Juv.R. 29, the court was within its authority to make the disposition that it did.
The decision of the juvenile court finding appellant to be a delinquent child and ultimately committing him to ODYS is hereby vacated and this cause is remanded for proceedings consistent with this opinion.
This cause is vacated and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, A.J. and JAMES D. SWEENEY, J., CONCUR.
[1] The court is referencing its discussion with appellant as to his waiver of constitutional rights in case number 00103811, which is not before this court.
[2] The charge for escape is contained in case number 00103811, which is not before this court.
[3] When a child is committed to the legal custody of the department of youth services, the jurisdiction of the juvenile with respect to the child so committed shall cease and terminate at the time of commitment * * *. * * * [A]ll other dispositional orders made by the court shall be temporary and shall continue * * * until terminated or modified by the court or until the child attains twenty-one years of age.