JOURNAL ENTRY AND OPINION
Appellant, Melissa Becerra, appeals the decision of the Cuyahoga County Common Pleas Court, Juvenile Division, which found her to be a delinquent child and committed her to the Ohio Department of Youth Services ("ODYS"). For the reasons that follow, we affirm.
A review of the record reveals that a one-count complaint was filed against Melissa alleging that she was a delinquent child by reason of having committed an act constituting domestic violence, in violation of R.C. 2919.25(B), a fifth degree felony if committed by an adult. It appears from the record that at least two other complaints containing allegations of domestic violence and unruliness were pending against Melissa and that these charges were tried and disposed of together with the instant case. In the complaint before this court, it is alleged that Melissa recklessly caused physical harm to her mother, Alice Torres. Melissa was appointed counsel and ultimately admitted to all of the charges as provided by Juv.R. 29.
Melissa was present with counsel at the disposition hearing held sometime thereafter. Also present was her father, Jose Becerra, her mother, and probation officer, Ms. Collins. It appears from the record of the proceedings that after Melissa's confrontation with her mother that resulted in the present charge against her, she was suspended from school, robbed her mother's car and then ran away from home. Mom suspected that Melissa went to her father's house.[1] As such, the probation officer filed a violation of court order and notified Mr. Becerra as much. Melissa was eventually found in a closet in her father's home.
During the disposition hearing, the probation officer detailed Melissa's history with the juvenile justice system and her treatment at several area facilities. She then recommended that Melissa be committed to ODYS, a facility that would be best suited to responding to a previously diagnosed "conduct disorder." Melissa's counsel, however, advocated for her to be placed in her father's home, a position Melissa's father also advocated. The trial court ultimately committed Melissa to the custody of ODYS for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed her twenty-first birthday.
Melissa now appeals and asserts in her sole assignment of error that the trial court erred when it committed her to ODYS after adjudicating her delinquent without first appointing a guardian ad litem to protect her interests. In particular, she argues that her mother was the victim in the charges against her and, as such, a conflict of interest exists.
R.C. 2151.281 governs the appointment of a guardian ad litem in juvenile proceedings and provides, in relevant part:
 (A) The court shall appoint a guardian ad litem to protect the interest of a child in any proceeding concerning an alleged or adjudicated delinquent child or unruly child when either of the following applies:
* * *
 (2) The court finds that there is a conflict of interest between the child and the child's parent, guardian, or legal custodian.
Juv.R. 4(B) also provides for the appointment of a guardian adlitem and provides, in relevant part:
 The court shall appoint a guardian ad litem to protect the interests of a child or incompetent adult in a juvenile court proceeding when:
* * *
 (2) The interests of the child and the interests of the parent may conflict.
Because these provisions are mandatory, the failure of a court to appoint a guardian ad litem, when such an appointment is required under the rule or the statute, constitutes reversible error. See In re Adoptionof Howell (1991), 77 Ohio App.3d 80, 92; see, also, In re Sappington
(1997), 123 Ohio App.3d 448, 452. Consequently, the resolution of the issue raised by Melissa's assignment of error turns on whether the record below shows a conflict of interest between Melissa and her mother that would warrant the appointment of a guardian ad litem to protect her interests. Melissa argues that the confrontation between her and her mother created conflicting interests and the court's failure to appoint a guardian ad litem justifies reversal. We disagree.
In this case, Melissa did have legal counsel. We acknowledge that the role of counsel and guardian ad litem are distinctly different and the presence of one does not necessarily obviate the need or requirement for the other. See In re Baby Girl Baxter (1985), 17 Ohio St.3d 229, 232; see, also, In re Jane Doe (2001), 141 Ohio App.3d 20, 26 (McMonagle, J. dissenting). Nonetheless, Melissa appears to argue that a guardian adlitem would have advocated that she return to the home of her father, a position her father also advocated. Melissa misconstrues the roles of guardian ad litem and attorney. The role of guardian ad litem is to investigate the ward's situation and, based on that investigation, make recommendations to the court that would be in the child's best interests. In re Baby Girl Baxter, 17 Ohio St.3d at 232. It is entirely possible that these recommendations may be contrary to the desires of the child. The role of an attorney, on the other hand, is to zealously represent his or her client within the bounds of the law. Id. It was in this role that Melissa's attorney argued that she return to the home of her father, a recommendation that Melissa claims a properly appointed guardian ad litem would have made.
We recognize that some courts have found reversible error when it is the parent who files charges against the child, as we have in this case, and the trial court does not appoint a guardian ad litem for the child. See In re Sappington, 123 Ohio App.3d at 454, citing In re Shaw (Sept. 27, 1996), Fairfield App. No. 95CA78, unreported and In re Spencer (Dec. 22, 1995), Hamilton App. No. C-950486, unreported. While in such a case it is entirely possible that the interest of a parent who has sought the aid of the court against the child may no longer be acting in a parental role sufficient to protect the rights of the child, we are not inclined to unabashedly state, without more, that such action is one that creates conflicting interests. See In re Wilkins (June 26, 1996), Hancock App. No. 5-96-1, unreported, 1996 Ohio App. Lexis 2812. When nothing in the record supports that a conflict exists, we will not presume as much merely because a parent was either the victim of the child's offensive conduct or has brought the charges against that child. See In re Taylor
(June 10, 1999), Cuyahoga App. No. 74257, unreported, 1999 Ohio App. Lexis 2610; see, also, In re Howard (1997), 119 Ohio App.3d 201, 207.
The record in this case does not support that Melissa's mother was involved in her decision to admit to the charges pending against her or that her mother took any position as to the placement of her daughter during dispositional proceedings. Indeed, the mother's comments to the court were confined to the difficulty that she had in trying to retrieve her daughter from the father's house and the apparent animosity between the parents since their divorce. The mother made no comments nor did she otherwise exhibit any conduct that could be construed as conflicting with her role as parent. To the contrary, it appears that the mother made every attempt to get Melissa the help that she needed despite being the object of her contempt. Consequently, we find no conflict that would require the appointment of a guardian ad litem.
Because we find that Melissa's rights were adequately protected throughout the proceedings in this case, Melissa's sole assignment of error is not well taken and is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court, Juvenile Court Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J. and COLLEEN CONWAY COONEY, J., CONCUR.
[1] The record reveals that Melissa's parents are divorced and that Ms. Torres has sole custody of Melissa.