(866 P.2d 1069)
No. 70,863

IN THE MATTER OF THE PETITION
OF JANE DOE FOR WAIVER OF NOTICE.

Opinion filed January 10, 1994.

*Per Curiam:* Petitioner/appellant appeals the district court's denial of her application for waiver of parental notification of her decision to obtain an abortion, pursuant to K.S.A. 65-6704 and K.S.A. 65-6705.

Appellant discovered she was pregnant at the end of November 1993, received counseling, and determined what her options were. She decided to have an abortion and applied for a waiver of the statutory requirement that her parents be notified. She alleges she is mature and well-informed enough to make the abortion decision on her own and that giving the statutory notice to her parents would not be in her best interest.

Appellant is a 15-year-old sophomore in high school. She makes Bs and Cs in school and is involved in various school activities. She also works 20 hours per week. She plans to attend college and perhaps obtain postgraduate education.

Appellant testified her parents have refused to discuss sex or birth control with her. Further, she testified they have stated they would "kick her out of the house" if they ever found out she was pregnant. She stated they would be more than merely angry; they would actually "kick her out." She stated she felt she was fully informed about her options after discussing them with a counselor, and no one was pressuring her to have an abortion.

The counselor with whom she spoke pursuant to K.S.A. 65-6704 sent a certificate to the court attesting that the counselor believed appellant was mature and well-informed enough to make this decision on her own and that appellant's best interest would not be served by parental notification of the abortion decision.

From the record, it appears appellant took with her, to counseling, an adult who was a personal friend of hers and not associated with the abortion provider.

The court questioned appellant and determined that appellant's parents still provide her with food and shelter, and there was no family history of abuse.

The court attempted to fashion some kind of a test for maturity under the statute. The court stated appellant's level of maturity was admirable but not "extraordinary." For this reason, the court refused to grant a waiver. The court stated that unless a petitioner is no longer involved with her family or can present objective

evidence she is approaching emancipation (*i.e.*, if she were 17 years, 11 months old), she could not obtain a waiver of the parental consent requirement. The court stated that because appellant was "still a member of her family" and there were no allegations of abuse, she could not obtain a waiver, although the judge acknowledged her home life was "difficult."

The judge further stated his belief that the parents would get over their initial anger and be supportive of appellant. The judge compared the situation to a parent's reaction to the child being involved in a car accident. Of course, due to the nature of the hearing, there was no testimony by the parents, and there was no other testimony concerning the parents other than that given by appellant.

Appellant timely appeals the district court's denial of her application for waiver.

The portions of K.S.A. 65-6705 at issue read as follows:

"(a) Before a person performs an abortion upon an unemancipated minor, the person or the person's agent must give actual notice of the intent to perform such abortion to one of the minor's parents or the minor's legal guardian or must have written documentation that such notice has been given unless, after receiving counseling as provided by subsection (a) of K.S.A. 65-6704, the minor objects to such notice being given. If the minor so objects, the minor may petition, on her own behalf or by an adult of her choice, the district court of any county of this state for a waiver of the notice requirement of this subsection. If the minor so desires, the counselor who counseled the minor as required by K.S.A. 65-6704 shall notify the court and the court shall ensure that the minor or the adult petitioning on the minor's behalf is given assistance in preparing and filing the application.

. . . .

"(d) Notice shall be waived if the court finds by a preponderance of the evidence that either: (1) The minor is mature and well-informed enough to make the abortion decision on her own; or (2) notification of a person specified in subsection (a) would not be in the best interest of the minor.

"(e) A court that conducts proceedings under this section shall issue written and specific factual findings and legal conclusions supporting its decision as follows:

(1) Granting the minor's application for waiver of notice pursuant to this section, if the court finds that the minor is mature and well-enough informed to make the abortion decision without notice to a person specified in subsection (a);

(2) granting the minor's application for waiver if the court finds that the minor is immature but that notification of a person specified in subsection (a) would not be in the minor's best interest; or

(3) denying the application if the court finds that the minor is immature and that waiver of notification of a person specified in subsection (a) would not be in the minor's best interest."

The language used in (d)(1) appears to be drawn from the United States Supreme Court decision *Bellotti v. Baird*, 443 U.S. 622, 643-44, 61 L. Ed. 2d 797, 99 S. Ct. 3035 (1979), which dealt with establishing a procedure by which a pregnant minor could show

"either: (1) that she is mature enough and well enough informed to make her abortion decision, in consultation with her physician, independently of her parents' wishes; or (2) that even if she is not able to make this decision independently, the desired abortion would be in her best interests."

Appellant argues the district court interpreted the phrase "mature and well-informed" in K.S.A. 65-6705(d)(1) incorrectly and much more narrowly than the legislature intended.

Appellant further states the court gave an extremely narrow interpretation to the phrase "best interest of the minor" and failed to make the required written and specific factual findings and legal conclusions supporting its decision under K.S.A. 65-6705(e).

The district court interpreted the phrase "mature and well-informed" in K.S.A. 65-6705(d)(1) to mean the minor is approaching the age of majority, is no longer supported by her family, or is no longer a "member of her family."

Interpretation of a statute is a question of law. *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993). This court's review of a question of law is unlimited. See *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

As stated above, K.S.A. 65-6705(a) provides that parents or legal guardians must be given actual notice of an intent to perform an abortion upon an unemancipated minor, unless, after the minor receives the counseling provided for in the statute, she objects to such notification. If the minor does object, she may petition the district court for a waiver of the notice.

"Unemancipated minor" is defined in K.S.A. 65-6701(e) to mean "any minor who has never been: (1) Married; or (2) freed, by court order *or otherwise*, from the care, custody and control of the minor's parents." (Emphasis added.)

This court should give effect to the statute as written rather than attempting to determine what the law should or should not be. See *Martindale v. Tenny*, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992). In construing the statute as a whole, effect should be given to every part of the act, if possible. See *In re Marriage of Ross*, 245 Kan. 591, 594, 783 P.2d 331 (1989).

There are several presumptions that apply in determining what phrases within a statute mean. There is a presumption "the legislature understood the meaning of the words it used and intended to use them." *Rogers v. Shanahan*, 221 Kan. 221, 223-24, 565 P.2d 1384 (1976). There is also a presumption the legislature intended to use the words in their ordinary and common meaning. 221 Kan. at 224. Further, " '[t]here is a presumption that the legislature does not intend to enact useless or meaningless legislation.' " *Todd v. Kelly*, 251 Kan. 512, 515, 837 P.2d 381 (1992) (quoting *In re Adoption of Baby Boy L.*, 231 Kan. 199, Syl. ¶ 7, 643 P.2d 168 [1982]).

The district court's definition of "mature" ignores the "or otherwise" freed from the care, custody, and control of the parents portion of the definition of unemancipated minor under K.S.A. 65-6701(e). Any minor who was "mature" under the district court's definition would qualify as an emancipated minor under the "or otherwise" provision of K.S.A. 65-6701(e). The court's definition of "mature" would make subsection (d) of K.S.A. 65-6705 superfluous to the extent that any minor mature enough to be granted a waiver would not need one as she would qualify as an emancipated minor under K.S.A. 65-6701(e). This interpretation of mature would violate the presumption that the legislature did not intend to enact useless legislation.

The district court found the appellant was mature, but not "extraordinarily mature." The legislature would have said that a waiver could be allowed only to those minors who are extraordinarily mature if that had been its intent. Its plain language was "mature," not "extraordinarily mature." Neither the United States Supreme Court nor our legislature has defined the term "mature and well-informed" in this context. We believe an appropriate working definition in this context would be "to have the intellectual capacity, experience, and knowledge necessary to sub-

stantially understand the situation at hand and the consequences of the choices that can be made."

We recognize that every human act and decision can be fraught with long- and short-term consequences which no person can completely appreciate. However, life requires decisions to be made despite imperfect knowledge and understanding. Therefore, in matters such as this we must acknowledge that ideal circumstances will usually not exist in which to make the decision. In determining whether a minor is mature and well informed enough to make the abortion decision on her own, the examining court must weigh her situation not against the ideal but against a standard of basic understanding of her situation, her choices, and her options.

The legislature has mandated certain safeguards through the required procedures of K.S.A. 65-6704 and K.S.A. 65-6705 to provide the necessary information so that most pregnant minors may make an informed decision.

The judge found appellant to be mature (although not extraordinarily so) and well informed. This record contains uncontroverted evidence that appellant is "mature." Uncontroverted evidence cannot be disregarded by the trial court unless it is improbable or unreasonable or is shown to be untrustworthy. Ordinarily, uncontroverted evidence is regarded as conclusive. *D.M. Ward Constr. Co. v. Electric Corp. of Kansas City,* 15 Kan. App. 2d 114, Syl. ¶ 6, 803 P.2d 593 (1990), *rev. denied* 248 Kan. 994 (1991). The evidence that appellant is mature was not improbable, unreasonable, or shown to be untrustworthy. Appellant is, therefore, entitled to a waiver of parental notification under K.S.A. 65-6705(d)(1).

We find the court's denial of the waiver of notice should be reversed, as appellant, under the law, is mature and well informed enough to make the decision on her own. Although this holding disposes of the matter, we also find under K.S.A. 65-6705(d)(2) that the uncontroverted *evidence* shows that parental notification would not be in the best interest of the minor. We note a waiver should be granted if either (d)(1) or (d)(2) is applicable.

Appellant contends the district court seemed to rule that unless there was some evidence of physical abuse, it would refuse to

find it not to be in appellant's best interest to notify her parents of her decision to have an abortion. She also argues the court should not be allowed to speculate that her parents would be more calm and supportive than their past behavior and statements would indicate.

In finding that appellant was not entitled to a waiver of parental notice, the trial judge commented:

"And it is something I see come through and it's when you start saying oh, it's an abusive situation at home, and I don't—I don't know what position that would put me in, I don't know. I don't hear any abuse here, I hear a difficult home situation, not abusive."

This seems to indicate the trial court believed nothing short of physical abuse would justify the grant of a waiver of parental notification.

K.S.A. 65-6705(d)(2) provides that notice to the parent or guardian shall be waived if it is not in the best interest of the minor to do so. The statute does not define "best interest of the minor."

The evidence produced at trial indicated appellant's parents apparently will not support her and will "kick her out of the house" if they are notified that appellant is pregnant. The trial judge speculated the parents would be more supportive than the testimony indicated. As previously stated, the trial court is not permitted to disregard uncontroverted evidence that is not improbable, unreasonable, or shown to be untrustworthy. *D.M. Ward Constr.*, 15 Kan. App. 2d 114, Syl. ¶ 6. The trial court was required to accept the evidence that appellant's parents would not be supportive of her if they learned of her pregnancy unless the evidence was inherently improbable. That does not appear to be the case.

The issue then becomes whether a difficult home life, and evidence the minor's parents will refuse to support her, is sufficient to find it is in the minor's best interest to waive parental notification.

Ohio has a statute similar to K.S.A. 65-6705. The Ohio statute states that a minor, in order to obtain an abortion without parental notification, must demonstrate she is sufficiently mature and well informed enough to intelligently decide whether to have an abortion or that it is not in her best interest to have her parents notified. Ohio Rev. Code Ann. § 2151.85(A)(4) (Anderson 1990).

*In re Complaint of Jane Doe*, 83 Ohio App. 3d 904, 615 N.E.2d 1142 (1992), found that where the minor testified her mother had threatened to force her out of the house and not to support her, the minor had clearly demonstrated it was not in her best interest for her mother to be notified.

It is of some value to analogize to Kansas' child in need of care and termination of parental rights statutes to create a test for what constitutes the best interest of the minor in waiver of parental notification cases. The Kansas Supreme Court in discussing the best interests of the child in cases requesting termination of parental rights requires that the trial court give primary consideration to the physical, mental, or emotional conditions and needs of the child. *In re S.M.Q.*, 247 Kan. 231, Syl. ¶ 2, 796 P.2d 543 (1990).

It is obvious the legislature did not intend a highly restrictive definition of the term "best interest of the minor" to be used given the relatively wide scope generally accorded to that language.

Physical abuse is only one factor in the best interest of the minor analysis. The minor's emotional and mental needs, as well as physical needs for shelter and support, may be considered. The trial court erred in adopting a too narrow standard for "best interest."

This context, of course, is different from that of child custody and termination of parental rights cases where the term is usually employed. Consistent with the probable legislative intent on this issue, trial courts will have to carefully weigh the term as it would reasonably apply here. There are many factors which could be taken into account in determining whether notification would not be in the minor's best interest. We shall not attempt to describe them all as they will vary with the situations of the persons involved.

Appellant finally argues the district court failed to comply with K.S.A. 65-6705(e) by making its findings only orally and then incorporating those findings by reference into the journal entry. K.S.A. 65-6705(e) states the court which heard the minor's petition for waiver "shall issue written and specific factual findings and legal conclusions supporting its decision."

The district court merely adopted the general findings of fact and law it had made on the record. It failed to make the specific written factual findings supporting its decision that the minor is not mature and well informed and it is not in her best interest to waive parental notification. While our decision on the substantive issues above makes this point moot, we note the legislature's command on this point. Failure by the trial court to comply with the legislative mandate may lead, depending on the facts, to a remand for compliance or to outright reversal. There must be a complete record on which a review, if necessary, can be made.

We reverse the district court and grant appellant a waiver of parental notification, as the uncontroverted evidence shows she is mature and well informed and parental notification would not be in her best interest.

The mandate is ordered to issue forthwith.

This opinion is published in accordance with the guidelines of the Supreme Court's order of December 3, 1992, to protect the confidentiality of the party involved.