**Upon the Petition of Jane DOE 2, Petitioner–Appellant.**

**No. 07CA1095.**

Colorado Court of Appeals, Div. A.

June 28, 2007.

Opinion by Judge VOGT.

Petitioner, Jane Doe 2, appeals the trial court's order denying her petition under § 12-37.5-107, C.R.S.2006, for a waiver of parental notification requirements concerning an abortion. We affirm.

## I.

Petitioner stated in her petition, filed June 4, 2007, that she was approximately ten weeks pregnant and wanted to terminate her pregnancy by abortion without telling her parents. Upon receipt of the petition, the trial court held a hearing, at which petitioner appeared pro se. Following the hearing, the court entered an order denying the petition. It found, by clear and convincing evidence, that petitioner was not sufficiently mature to decide whether to have an abortion.

The trial court appointed counsel to represent petitioner in an expedited appeal to this court pursuant to § 12-37.5-107(2)(d), C.R.S. 2006, and C.R.C.P. Chapter 23.5(3). Consistent with the confidentiality concerns set forth in § 12-37.5-107(2)(g), C.R.S.2006, and C.R.C.P. Chapter 23.5(5), the identities of petitioner, her counsel, and the trial court are not shown on the caption page of this opinion.

## II.

Section 12-37.5-107(2)(a), C.R.S.2006, provides that the trial court may enter an order dispensing with the parental notification requirements of § 12-37.5-104, C.R.S.2006, if it either (1) determines that the giving of such notice will not be in the best interest of the minor, or (2) finds, by clear and convincing evidence, that the minor is sufficiently mature to decide whether to have an abortion.

Thus, the statute imposes differing proof requirements, depending on the basis on which waiver is sought. While the court may dispense with notification if a preponderance of the evidence shows that notification is not in the minor's best interest, it may dispense with notification based on the minor's maturity only if "clear and convincing" evidence shows that the minor is mature enough to decide whether to have an abortion. Clear and convincing evidence "is stronger than a preponderance of evidence and is unmistakable and free from serious or substantial doubt." *Donaldson v. District Court*, 847 P.2d 632, 639 (Colo.1993).

■ The questions of whether a particular minor is sufficiently mature, and whether notification is in that minor's best interests, present mixed issues of fact and law. We accordingly give deference to the trial court's factual findings based on the evidence and to its assessment of the witnesses' credibility, while reviewing de novo its resolution of the ultimate legal questions of maturity and best interests. *See Ex parte Anonymous,* 803 So.2d 542, 546 (Ala.2001); *cf. People v. Matheny,* 46 P.3d 453, 461 (Colo.2002); *Morrison v. People,* 19 P.3d 668, 672 (Colo.2000).

### A.

Petitioner stated in her petition that she was mature enough to decide on her own to have an abortion. As noted, the trial court found that she was not. We uphold that determination.

■ Determining whether a minor is sufficiently mature to decide to have an abortion without notifying her parents is an inherently "difficult, yet delicate and important, decision that a trial court must necessarily make, not only in light of the testimony of the minor, but also in the context of the minor's demeanor, background, and sundry other circumstances." *Ex parte Anonymous,* 806 So.2d 1269, 1274 (Ala.2001).

■ No definitive list of criteria can be adopted to determine maturity. Rather, this determination must be made on a case-by-case basis. As one court has observed:

Manifestly, as related to a minor's abortion decision, maturity is not solely a matter of social skills, level of intelligence or verbal skills. More importantly, it calls for experience, perspective and judgment. As to experience, the minor's prior work experience, experience in living away from home, and handling personal finances are some of the pertinent inquiries. Perspective calls for appreciation and understanding of the relative gravity and possible detrimental impact of each available option, as well as realistic perception and assessment of possible short term and long term consequences of each of those options, particularly the abortion option. Judgment is of very great importance in determining maturity. The exercise of good judgment requires being fully informed so as to be able to · weigh alternatives independently and realistically. Among other things, the minor's conduct is a measure of good judgment. Factors such as stress and ignorance of alternatives have been recognized as impediments to the exercise of proper judgment by minors, who because of those factors "may not be able intelligently to decide whether to have an abortion."

*H.B. v. Wilkinson,* 639 F.Supp. 952, 954 (D.Utah 1986)(footnote omitted) (quoting *American College of Obstetricians & Gynecologists v. Thornburgh,* 737 F.2d 283, 296 (3d Cir.1984)); *see also Petition of Anonymous 1,* 251 Neb. 424, 558 N.W.2d 784, 788 (1997)("Experience, perspective and judgment are often lacking in unemancipated minors who are wholly dependent and have never lived away from home or had any significant employment experience.").

■ In assessing maturity, the trial court may draw inferences from the minor's composure, analytic ability, appearance, thoughtfulness, tone of voice, expressions, and ability to articulate her reasoning and conclusions. *Ex parte Anonymous, supra,* 806 So.2d at 1274.

■ At the time of the hearing here, petitioner was sixteen and one-half years old, had completed the tenth grade, was not employed, and lived with her mother and her brother. Her father was dead. When asked by the court why she thought it was in her best interest not to notify her mother of her proposed abortion, petitioner responded that she did not think her mother would understand. She went on to state that she did not get along with, or have much communication with, her mother; that her mother was presently raising petitioner's brother's child; that her mother had often expressed approval of the fact that petitioner had not gotten pregnant; and that her mother would be "mad."

In response to further questioning by the court, petitioner stated that she had not discussed abortion with anyone other than a school nurse, who was present with her at the hearing, and the young man she identified as the child's father. She had not con-

sulted a doctor. Although petitioner knew that abortion carried risks and that "you could die from having it, but it's rare," she had not considered any mental or emotional ramifications of abortion other than that it might lead to her "becoming depressed or something like that." She conceded that she "might regret" having had the abortion but reiterated that she had made up her mind to do so. Petitioner also stated that counseling would not change her mind. She had not previously consulted an attorney, and she declined the court's offer to appoint an attorney for her for the proceeding before it. Finally, petitioner testified that she was obtaining prenatal care and that she understood she could continue to receive such care.

Based on petitioner's testimony, the trial court found that she lacked the maturity to decide whether to have an abortion. In making that determination, the court considered petitioner's unwillingness to communicate with her mother or to consult with other adults, her focus on her own needs, and her failure to discuss the matter with a doctor. While we recognize that there may be factors other than immaturity that would make a pregnant minor unwilling to communicate with her parent, the facts cited by the trial court were generally appropriate considerations in assessing petitioner's maturity. In addition, the fact that petitioner exhibited only minimal understanding of the risks of the abortion procedure, and the fact that she was unemployed and being supported by her mother, could have been considered indicators of a lack of maturity. *See H.B. v. Wilkinson, supra,* 639 F.Supp. at 954; *Ex parte Anonymous,* 810 So.2d 786, 794 (Ala. 2001); *Petition of Anonymous 1, supra,* 558 N.W.2d at 788.

The court also referenced petitioner's demeanor, but it did not further explain how her demeanor suggested a lack of maturity. Nevertheless, we find nothing in the transcript that would cause us to disregard the court's assessment.

Thus, we agree with the trial court that there was not clear and convincing evidence showing that petitioner was sufficiently mature to decide whether to have an abortion.

B.

Petitioner also stated in her petition that it would not be in her best interest to tell her parent of the abortion. Although the trial court did not make findings on this alternative basis for waiving the notice requirement, we find nothing in the record to indicate that waiver should have been granted on this basis.

■ In determining whether notification would not be in the minor's best interests, the trial court should weigh the advantages and disadvantages of parental notification in the minor's specific situation. Some factors to be considered are: the minor's emotional or physical needs; the possibility of intimidation, other emotional injury, or physical danger to the minor; the stability of the minor's home and the possibility that notification would cause serious and lasting harm to the family structure; the relationship between the parents and the minor and the effect of notification on that relationship; and the possibility that notification may lead the parents to withdraw emotional and financial support from the minor. *See In re Doe,* 19 Kan.App.2d 204, 866 P.2d 1069, 1075 (1994); *In re Doe 2,* 19 S.W.3d 278, 282 (Tex.2000).

■ The reasons stated by petitioner for not wanting to tell her mother about the abortion do not rise to the level of facts that could establish that notification was not in her best interest. Petitioner's primary concern was that her mother would disapprove. However, we agree with those jurisdictions that have found that a generalized fear of telling parents does not, by itself, establish that notification would not be in the minor's best interests. *See In re Doe 2, supra,* 19 S.W.3d at 282 n. 23 (collecting cases).

Petitioner cited no facts indicating that she would face physical or emotional injury, or any of the other potentially serious consequences of notification described above, if her mother were informed. Although, in addition to her desire not to tell her mother, petitioner testified that she was too young to have a child, that the child would not "have a dad," and that she did not have a job, we cannot conclude that these additional facts could support a determination that it was in

petitioner's best interest to dispense with the notice requirement.

### C.

Finally, we conclude that the additional reasons for reversal advanced by petitioner on appeal do not support reversal of the decision. Petitioner states that the school nurse who accompanied her to the hearing was not allowed to address the court. However, the transcript includes no request by petitioner or the nurse to speak, and petitioner's notice of appeal concedes that the nurse simply "did not know whether it was appropriate for her to speak." Petitioner also claims that the trial court did not consider the fact that she was appearing pro se and was nervous and intimidated, that the court inappropriately interrupted her, and that it precluded her from naming other individuals who had counseled her. These contentions are belied by the transcript, which reflects the care taken by the trial court in its questioning of petitioner.

The order is affirmed.

Judge CASEBOLT and Judge BERNARD concur.