OPINION
{¶ 1} Appellant Jane Doe, a minor, appeals from the judgment entered in the Fairfield County Court of Common Pleas, Juvenile Division, dismissing her complaint requesting the Juvenile Court authorize her to consent to an abortion without notification of her parents, guardian, or custodian, pursuant to R.C. 2151.85. The relevant facts leading to this appeal are as follows.
 {¶ 2} On April 6, 2006, appellant filed a complaint pursuant to R.C. 2151.85(G), alleging that she is unmarried and pregnant, age sixteen, and unemancipated, seeking an order authorizing her to consent to an abortion without the notification of her parents, guardian, or custodian. After conducting a hearing the same day, the trial court found appellant had not supported her complaint with clear and convincing evidence. The court thereby dismissed the complaint.
 {¶ 3} On April 6, 2006, appellant filed a notice of appeal. She herein raises the following sole Assignment of Error:
 {¶ 4} "I. THE DECISION OF THE TRIAL COURT DENYING THE APPELLANT'S COMPLAINT FOR AN ORDER AUTHORIZING HER TO CONSENT TO AN ABORTION WITHOUT THE NOTIFICATION OF HER PARENT, GUARDIAN OR CUSTODIAN AS PROVIDED BY R.C. 2185.85 (SIC) WAS AN ABUSE OF DISCRETION."
 I. {¶ 5} Under R.C. 2151.85(A)(4)(a) and (C)(1), an unemancipated minor may have an abortion, bypassing notification to her parents, if the juvenile court finds by clear and convincing evidence that she "is sufficiently mature and well enough informed to decide intelligently to have an abortion without the notification of her parents, guardian, or custodian." See In re Doe, Hamilton App. No. C-050133, 2005-Ohio-1559, ¶10. Also, under R.C. 2151.85(A)(4)(b), such a minor may allege, either independently of or in addition to the above, "[t]hat one or both of her parents, her guardian, or her custodian was engaged in a pattern of physical, sexual, or emotional abuse against her, or that the notification of her parents, guardian, or custodian otherwise is not in her best interest." Absent an abuse of discretion by the juvenile court, the dismissal of a complaint brought by an unemancipated pregnant minor seeking authorization to have an abortion pursuant to R.C. 2151.85 shall not be disturbed. In re Jane Doe 1 (1990), 57 Ohio St.3d 135, syllabus. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams
(1980), 62 Ohio St.2d 151.
 {¶ 6} In the case sub judice, the trial court heard appellant's testimony and the arguments of her trial counsel, and found that appellant had failed to establish by clear and convincing evidence that: (1) she was sufficiently mature and well-enough informed to decide intelligently whether to have an abortion without notifying a parent, guardian, or custodian; (2) there was a pattern of physical, sexual, or emotional abuse of the complainant by one or both of her parents, her guardian, or her custodian; or (3) notification of a parent, guardian, or custodian would not be in her best interest. Judgment Entry at 1.
 {¶ 7} Upon review of the record, including the audio tape of the trial court proceedings (App.R. 11.2(B)(3)(b)), we hold the trial court did not abuse its discretion in finding appellant had failed to demonstrate any of the three aforesaid factors by clear and convincing evidence, and in thereby dismissing appellant's complaint.
 NOTICE {¶ 8} If appellant believes that this opinion may disclose her identity, appellant has the right to appear and argue at a hearing before this court. Appellant may perfect this right to a hearing by filing a motion for a hearing within fourteen days of the date of this opinion.
 {¶ 9} The clerk is instructed that this opinion is not to be made available for release until either of the following:
 {¶ 10} (a) Twenty-one days have passed since the date of the opinion and appellant has not filed a motion;
 {¶ 11} (b) If appellant has filed a motion, after this court has ruled on the motion.
 {¶ 12} Notice shall be provided by mailing a copy of the opinion to the attorney for the appellant or, if she is not represented, to the address provided by appellant for receipt of notice.
 CONCLUSION {¶ 13} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Fairfield County, Ohio, is hereby affirmed.
Wise, P.J. Gwin, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Fairfield County, Ohio, is affirmed.
Costs are waived.