[Cite as *In re Doe*, 2011-Ohio-5482.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE:  JANE DOE | : | APPEAL NO. C-110621<br>TRIAL NO. AB11-3X |
| | : | |
| | : | *O P I N I O N.* |
| | : | |
| | : | |

Civil Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  October 6, 2011

*Gerhardstein & Branch Co. LPA* and *Jennifer L. Branch*, for Appellant Jane Doe

**DINKELACKER, Presiding Judge.**

{¶1} Under R.C. 2505.073, appellant Jane Doe, appeals the judgment of the Hamilton County Juvenile Court denying her application to have an abortion without parental consent. We affirm.

{¶2} Doe filed a petition with the juvenile court on September 29, 2011, seeking an abortion without parental notification and consent. At the hearing, Doe testified that she was a 17-year-old college student, and was currently a little over 22 weeks pregnant. Doe testified that she had told her mother, who lives in another state far away from Doe, that she was pregnant. Doe said that she and her mother had discussed Doe's options concerning her pregnancy and that her mother had told her to do what she thought was best. Doe testified that her mother was "okay" with her having an abortion, but could not afford to come to Ohio to sign the appropriate medical forms. Doe testified that she did not tell her father because she did not want to add to his stress; he is in the military and currently deployed overseas.

{¶3} Following the hearing, the juvenile court denied Doe's petition, stating that it was moot because Doe had parental consent for the abortion according to the testimony presented. This appeal followed.

{¶4} We review the juvenile court's denial of Doe's petition under an abuse-of-discretion standard. *In re: Doe*, 1st Dist. No. C-050133, 2005-Ohio-1559. "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *AAAA Ens., Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597.

{¶5}    In her three assignments of error, which we consider together, Doe essentially asserts that the trial court erred in denying her petition to have an abortion without parental consent.

{¶6}    Doe argues that the juvenile court acted contrary to law when it denied her petition as moot after determining that Doe's mother had consented to the abortion.  But the record reflects that Doe did have her mother's consent to have an abortion.  Doe testified that she had discussed her pregnancy and her options with her mother and that her mother supported her having an abortion.  While the evidence presented at the hearing indicated that it would be difficult for Doe's mother to come to Ohio to sign the appropriate medical forms formalizing consent, it would not have been impossible for her to do so.

{¶7}    The purpose of Ohio's parental by-bass statutes is to provide consent, in appropriate situations, to minors who cannot obtain parental consent.  In this case, as the juvenile court properly found, Doe's mother had consented to the abortion.  Thus, the reasons for activating the parental-bypass statutes were not present in this case as there was no lack of parental consent.  Because the need for state-substituted consent was absent here, the petition was in fact moot.  But regardless of whether the petition was moot, the juvenile court sill engaged in the appropriate analysis under the parental-bypass statutes and properly denied Doe's petition.

{¶8}    Under R.C. 2919.121(C)(3), a juvenile court shall deny a minor's petition to have an abortion without parental consent if the minor is not sufficiently mature and well enough informed to intelligently decide whether to have an abortion, and if it is not in the best interests of the minor to have an abortion.

{¶9}  Although the juvenile court here did not specifically find that Doe was not mature enough to make the decision to have an abortion or that an abortion was not in her best interests, we can presume regularity in the proceedings below and thus, that the juvenile court properly considered the appropriate statutory criteria before denying Doe's petition.  In fact, the record before us included the Hamilton County Juvenile Court "Form 23.1-B Judgment," which was signed by the court.  This form contained specific findings that the juvenile court could check.  One of the findings was that "the abortion is in the best interest of the Petitioner and judicial consent is hereby authorized."  This statement was specifically left unchecked by the trial judge.  Instead, the next finding listed on the form was checked by the trial judge, which stated that "the petition is denied * * *."

{¶10}  Accordingly, after thoroughly reviewing the record, we cannot say that the juvenile court abused its discretion in denying Doe's petition.  Thus, the three assignments of error are overruled, and the juvenile court's judgment denying Doe's petition for an abortion without parental consent is affirmed.

{¶11}  If Jane Doe believes that this opinion may disclose her identity, she has a right to appear and argue at a hearing before this court.  She may perfect this right by filing a motion for a hearing within 14 days of the date of this decision.

{¶12}  The clerk is instructed that this decision is not to be made available or released until (1) 21 days have passed from the date of the decision, and Doe has not filed a motion for a hearing, or (2) after this court has ruled on a motion for a hearing, if such a motion is filed.

Judgment affirmed.

SUNDERMANN, J., concurs.
HILDEBRANDT, J., dissents.

**HILDEBRANDT, J.** dissenting.

{¶13}   I respectfully dissent.

{¶14}   The juvenile court denied Doe's petition, stating that it was moot because Doe had parental consent for the abortion according to the testimony presented.  This finding, however, was erroneous.  Although Doe may have had her mother's verbal consent to have an abortion, Ohio law requires *written* parental consent.  See R.C. 2919.121(B)(1).  There is no dispute that Doe did not have a parent's written consent.  Accordingly, the petition was not moot.

{¶15}   Therefore, the juvenile court should have considered the testimony and determined, as required by R.C. 2151.85(C), whether there was clear and convincing evidence that Doe was "sufficiently mature and well enough informed to decide intelligently whether to have an abortion" or whether it was in Doe's best interests to have an abortion.  Although the majority believes that the juvenile court undertook this analysis, I do not because there is no discussion in the transcript or in the judgment entry discussing these factors and because the juvenile court specifically stated it was denying the petition as moot because Doe already had parental consent.  Therefore, I would remand this matter to the juvenile court to engage in the appropriate analysis and make the proper statutory determinations.

Please Note:

The court has recorded its own entry on the date of the release of this opinion.